C. H. CARRAWAY v. HOUSTON & TEXAS CENTRAL
RAILWAY COMPANY.

Decided January 10, 1903.

**1.—Railroads—Injury at Crossings—Contributory Negligence—Evidence.**

Where plaintiff's wagon, as he was driving over a railroad crossing in a town, was struck by a rapidly running train, it was competent for him to testify, in connection with an ordinance prohibiting trains from running faster than six miles an hour, and as bearing on the question of contributory negligence, that he was frequently in town there, and was familiar with the usual speed of trains therein.

**2.—Same—Looking and Listening for Train.**

When plaintiff approached the railway track he looked north along it for a mile to a mile and a half, and saw no train. He then drove south, parallel with the track 150 to 175 yards, going at a slow trot, and there turned to cross the track, and was struck by a train from the north running twenty to sixty miles per hour. He knew that trains habitually complied with ordinance there which forbade a speed exceeding six miles per hour. Held, that a charge assuming that it was plaintiff's duty to look and listen as he turned to cross the track and giving prominence to his failure to do so, presented reversible error.

**3.—Same—Charge.**

It was error for the court to charge, in effect, that plaintiff could not recover if, as he approached the crossing, he could have seen or heard the train in time to have stopped and avoided the accident, although the jury should believe that he was not guilty of contributory negligence in attempting to cross the track under the circumstances.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*Randall, Wood & Hassell* and *J. S. Lawrence,* for appellant.

*Baker, Botts, Baker & Lovett* and *Head & Dillard,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit brought by appellant for personal injuries inflicted upon him by appellee in the following manner: Appellant, with his uncle, C. M. Guinn, was traveling in a two horse wagon within the limits of the town of Van Alstyne, in Grayson County, Texas, going toward McKinney & Marr's flouring mill in the southern part of the town. They came from the west to appellee's right of way, and then turned south and went a distance of about 150 or 175 yards parallel with the railroad, and turned east to cross the railroad track and go over to the mill. As they approached the railroad track a freight train of appellee's coming up behind them from the north, running at a rapid rate of speed, struck the wagon and team, throwing appellant and his uncle out of the wagon and inflicting upon him serious injuries. A trial resulted in a verdict for the defendant, and plaintiff appealed.

*Opinion.*—1. It is contended that the court erred in refusing to allow plaintiff, while a witness in his own behalf, to testify that he was frequently in the town of Van Alstyne where the injuries were in-

flicted upon him; that he was familiar with the speed with which defendant's trains usually ran while going through said town, and that the speed was slow, to wit, the rate of about five or six miles per hour. The objection made by the defendant to this evidence was that the same was irrelevant and immaterial. This testimony, when considered in connection with the evidence previously introduced, that by ordinance of the town of Van Alstyne railway companies were prohibited from running their trains at a greater rate of speed than six miles per hour, and making a violation of said ordinance a misdemeanor punishable, on conviction, by fine, was admissible on the issue of contributory negligence, and its exclusion was error.

2. It is insisted that the court erred in its charge on contributory negligence, reading as follows: "It was the duty of plaintiff, as he approached said crossing, to have used such care to have avoided injury as an ordinarily prudent person would have used under the same or similar circumstances, and if you believe from the evidence that plaintiff, as he approached said crossing, could have seen or heard the approaching train in time to have stopped and avoided the injury, and if you further find and believe from the evidence that when approaching said crossing plaintiff failed to look and listen, or to do either, and that in such failure, if you find he did so fail, you find and believe that plaintiff was guilty of negligence, that is, that he failed to exercise such degree of care as an ordinarily prudent person would have exercised under the same or similar circumstances, then you will find for the defendant, even though you should find and believe that said defendant's servants operating said train were also guilty of negligence in each and every particular alleged in plaintiff's petition, unless you should find for plaintiff under the next succeeding paragraph of this charge."

There was evidence that when plaintiff approached the right of way and track of defendant he looked up the track north for a distance of a mile or a mile and a half and saw no train. He then turned south parallel with the railway track and drove south in a slow trot about 150 or 175 yards to the crossing. He then turned to cross the track, and while in the act of crossing he was struck by a locomotive and train of defendant coming from the north. There was evidence that the train was running at the rate of twenty to sixty miles per hour, and that it failed to give the signal for the crossing. The charge seems to assume that it was the duty of plaintiff to have looked and listened as he turned to cross the track, and gives undue prominence to his failure to do so. Plaintiff did look for a train when he first approached the track, and the jury might have concluded from all the facts that a reasonably prudent man would not have again looked as he turned to cross the track. If, when plaintiff arrived at the defendant's right of way and track, he looked up the track a distance of a mile or a mile and a half and saw no train, and then turned down the track and drove 150 or 175 yards to the crossing, and, knowing that those operat-

ing defendant's trains habitually complied with the ordinance of the town and ran through the. town at the rate of five or six miles per hour, turned to cross the track without again looking, believing he could cross in safety, and if, in so doing ,the jury believed he acted as a reasonably prudent man would have acted under the same circumstances, then they could find that plaintiff was not guilty of negligence in attempting to cross the track in the manner he did.   This was the theory of plaintiff upon the trial, and the court's charge practically elimitated it from the consideration of the jury.   In this there was error.   Again, this charge was misleading in that the jury may have inferred therefrom that if plaintiff, as he approached the crossing, could have seen or heard the approaching train in time to have stopped and avoided the injury he could not recover, notwithstanding they may have believed that in attempting to cross the track at the time and in the manner and under the circumstances he did, he was not guilty of contributory negligence.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*